[Civ. No. 775. Fourth Appellate District.—February 13, 1935.]

AUGUST DIBIRT, Respondent, v. ELIZABETH BOPP, Appellant.

Lindsay & Gearhart for Appellant.

Ernest Klette for Respondent.

BARNARD, P. J.—A certain block in Fresno is divided into twenty lots running from lot 1 at the north to lot 20 at

the south. According to the official map on file each of these lots is thirty feet wide except lot 20, which is thirty-three feet. In 1891 Conrad Bopp bought lots 19 and 20, August Bopp bought lots 17 and 18 and a Mr. Huber bought lots 15 and 16. At that time these lots were vacant, but the more northerly lots in the block were occupied, with fences between the holdings, and there was a fence near the southerly side of lot 14. There was only 180 feet between this fence and the street to the south of this block and, early in 1892, these three parties erected houses on their respective lots and built fences, each taking 60 feet of ground. The defendant, who is the widow of August Bopp, has resided on lots 17 and 18 since that time. The plaintiff purchased lots 19 and 20 from Conrad Bopp in 1902, receiving a deed, and since that time he has resided thereon.

Shortly before this suit was filed the plaintiff discovered that his deed called for 63 feet and brought this action to recover possession of a strip three feet wide which was then and for many years had been north of the fence which stood between his home and the home of the defendant. In her answer, the defendant set up as one defense that she had for more than five years held this strip adversely to the plaintiff and as another defense that for more than twenty-five years she and her husband, now deceased, had held the three-foot strip within an inclosure and had cultivated the same with the knowledge and consent of the plaintiff. The plaintiff recovered judgment, from which the defendant has appealed.

It appears from the evidence that the respondent paid all taxes assessed against lots 19 and 20 for each year from 1902 to the time of trial, and the defense of adverse possession could not prevail (*Staniford* v. *Trombly*, 181 Cal. 372 [186 Pac. 599]; *In re Dixon*, 120 Cal. App. 635 [8 Pac. (2d) 881]). The appellant contends, however, that it conclusively appears from the evidence that a dispute had arisen between these parties as to the location of their boundary line, that they settled the matter by agreeing on a certain boundary and erected a fence in accordance with such agreement, and that thereafter and for many years they acquiesced in the line so fixed. The general rule relied on by appellant is well established (*Silva* v. *Azevedo*, 178 Cal. 495 [173 Pac. 929]; *Grants Pass Land & Water Co.* v. *Brown*, 168 Cal.

456 [143 Pac. 754]; *Price* v. *De Reyes,* 161 Cal. 484 [119 Pac. 893]). ▇ It is also well settled that a mere acquiescence in the existence of a fence in the absence of any agreement that the same shall be taken as the true boundary is not sufficient to establish a claim of title to a disputed strip of ground (*Phelan* v. *Drescher,* 92 Cal. App. 393 [268 Pac. 465]; *Ross* v. *Burkhard Investment Co.,* 90 Cal. App. 201 [265 Pac. 982]).

▇ Conrad Bopp, the respondent's predecessor in interest, testified that at the time the fence was built between his property and that now owned by the appellant the parties understood that each lot contained 30 feet; that he was then under the impression that he had 60 feet; that three or four years later someone told him the corner lot should include 33 feet; and that "I went to my neighbors and speak with them so I could get an understanding how that is. They said all these lots only measured 30 feet and we don't know how you should have more. So, we let it go." He further testified that he talked with August Bopp and with his other neighbors and none of them knew anything about an extra three feet; that they did not "know any better"; that they were satisfied to let the fences stay where they were; and that when he sold the property to the respondent nothing was said about the dividing line. The respondent testified that nothing was said about the dividing line when he bought his property; that there was then a fence between the two places; that this fence has been replaced a time or two, but on the same location; and that he first discovered the existence of any question about the line a few months before this action was brought, when, in investigating why his taxes were too high, he learned that his deed called for 63 feet of ground. The appellant testified that shortly after she and her husband moved upon the property now owned by her they built a fence; that the fence has been rebuilt a time or two, but is in the same position; and that she never knew there was any question about the line until shortly before this suit was filed. We think this evidence sustains the implied finding of the court that there was no such establishment of a line, and agreement that the same should be accepted as the true boundary, as is required under the rules of law referred to. The fence was originally built under the impression that each of the parties had 60 feet and not in accordance with any settle-

ment of a dispute as to where the line was. While someone subsequently said that the corner lot should have an additional three feet, this was not confirmed by such inquiries as were made among the neighbors and nothing was done. Nothing appears but a mere acquiescence in the existence of the fence, and the evidence fails to show a definite agreement to accept the location of the fence as the true boundary line.

Some contention is made on the part of the appellant that the respondent is estopped from claiming the additional land because he knew that the appellant had raised flowers on her side of the fence for many years. There can be no such estoppel unless an agreement to accept a certain line as the true boundary, in settlement of a dispute with reference thereto, is disclosed by the evidence.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.